1  Ford & Harrison LLP
   Curtis A. Graham, Bar No. 215745
2  Robert A. Orozco, Bar No. 201532
   Jack Jimenez, Bar No.  251648
3  350 South Grand Avenue, Suite 2300
   Los Angeles, CA  90071
4  Telephone:   (213) 237-2400
   Facsimile:   (213) 237-2401
5  E-mail:      rorozco@fordharrison.com

6  Attorneys for Defendants
   SRG OPERATING, INC. and KENNETH
7  GOLDBLATT

```
        FILED
CLERK, U.S. DISTRICT COURT

    JUL 25 2013

CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY
```

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11  SUZAN NEUFELD,                    Case No. **CV13-05365**-JFW
                                                      (PJWx)
12              Plaintiff,
                                      **DEFENDANTS' NOTICE OF**
13  v.                                **REMOVAL OF CIVIL ACTION**
                                      **PURSUANT TO 28 U.S.C. §§ 1331,**
14  SENIOR RESOURCE GROUP, LLC a      **1441 AND 1446**
    Delaware corporation doing business in
15  California; KENNETH GOLDBLATT,
    an individual; and DOES 1 through 50
16  inclusive,

17              Defendant.

18

19

20

21

22

23

24

25

26

27

28

Ford & Harrison
LLP
Attorneys At Law
Los Angeles

LA:147887.1                                      NOTICE OF REMOVAL

1 **TO THE HONORABLE JUDGES OF THE UNITED STATES**

2 **DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA,**

3 **THE CLERK OF THIS COURT, ALL PARTIES AND THEIR ATTORNEYS**

4 **OF RECORD:**

5   Defendants Senior Resource Group, LLC and Kenneth Goldblatt

6 ("Defendants") file this Notice of Removal pursuant to 28 U.S.C. §§ 1441 and

7 1446.

8 **I. INTRODUCTION**

9   Plaintiff Suzan Neufeld ("Plaintiff") filed her original complaint on May 13,

10 2013, in the Superior Court of the State of California, County of Los Angeles, case

11 no. BC508737. (Orozco Decl., ¶ 2.) True and correct copies of the Summons and

12 Complaint are attached hereto as Exhibit "1".

13   Defendant Senior Resource Group, LLC was personally served with the

14 Summons and Complaint on June 28, 2013. (Orozco, ¶ 3, Ex. 2).

15 **II. NATURE OF THE SUIT**

16   Plaintiff brings the following claims against Defendant: (1) Violation of

17 Family Medical Leave Act – Interference, Discrimination and Retaliation (29

18 U.S.C. §2601, et seq.); (2) Wrongful Termination in Violation of Public Policy

19 (California Government Code §12940(a)); (3) Intentional Infliction of Emotional

20 Distress; and, (4) Negligent Infliction of Emotional Distress. (Ex. 1.)

21 **III. BASIS FOR REMOVAL**

22   **A. Original Jurisdiction**

23   Defendants remove this action to federal court under 28 U.S.C. § 1441(b),

24 which states that "[a]ny civil action of which the district courts have original

25 jurisdiction founded on a claim or right arising under the Constitution, treaties or

26 laws of the United States shall be removable without regard to the citizenship or

27 residence of the parties."

28

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

LA:147887.1       - 2 -      NOTICE OF REMOVAL

1    As this civil action alleges violations of the Family Medical Leave Act

2    ("FMLA"), 29 U.S.C. §2611(4), 29 U.S.C. §2611(2), and 29 U.S.C. §2612(1). (Ex.

3    1, p. 4:18-28).

4    Plaintiff alleges that Defendants are "responsible" under the FMLA pursuant

5    to 29 U.S.C. §2617(a).  (Ex. 1, p. 5:5-6).

6    Plaintiff seeks relief and alleges Plaintiff "…is entitled to restoration to her

7    position as described in the FMLA, 29 U.S.C. §2614(1)." (Ex. 1, p. 5:1-4).

8    This Court has original jurisdiction under 28 U.S.C. § 1331, which states that

9    "[t]he district courts shall have original jurisdiction of all civil actions arising under

10   the Constitution, laws, or treaties of the United States."

11   The Complaint also alleges state law claims, over which this Court may

12   exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367.  Federal court

13   jurisdiction is proper because the state law claims are "so related to claims in the

14   action within [this Court's] original jurisdiction that they form part of the same case

15   or controversy[.]" (28 U.S.C. § 1367(a).)  Further, Plaintiff's claims do not involve

16   novel or complex state law issues.  (28 U.S.C. § 1367(c).)

17   **B.    Amount in Controversy**

18   Removal is proper because this action is one which the Court has original

19   jurisdiction under the provisions of 28 U.S.C. § 1332 and is one which may be

20   removed to this Court pursuant to the provisions of 28 U.S.C. § 1441(a), in that it is

21   a civil action where the amount in controversy exceeds $75,000, exclusive of

22   interest and costs, and is between citizens of different states.

23   Where a complaint alleges damages in excess of the federal amount-in-

24   controversy requirement, then the amount-in-controversy requirement is

25   presumptively satisfied unless "it appears to a 'legal certainty' that the claim is

26   actually for less than the jurisdictional minimum." *Abrego v. Dow Chemical Co.*,

27   443 F.3d 676, 683 n.8 (2006) (quoting *Sanchez v. Monumental Life Ins. Co.*, 102

28   F.3d 398, 402 (9th Cir. 1996)).   Here, it is clear on the face of the Complaint and

1   the Prayer for Relief therein, that the amount in controversy far exceeds $75,000.

2   *See Singer v. State Farm Mutual Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)

3   ("The district court may consider whether it is 'facially apparent' from the

4   complaint that the jurisdictional amount is in controversy.")

5          Specifically, Plaintiff seeks:  general damages, special damages, costs of the

6   suit, pre-judgment interest at the rate of ten percent (10%) per annum, reasonable

7   attorneys' fees, lost wages, including back pay, front pay, salary, pay increases,

8   bonuses, insurance, benefits, training, promotions, reinstatement, and seniority. (Ex.

9   1, p. 9:15-24) Accordingly, Plaintiff seeks over $75,000 in damages.

10          In sum, although Defendants do not concede Plaintiff's claims have any

11   merit, when the relief sought by Plaintiff is examined, the amount in controversy

12   for Plaintiff's claims far exceeds the $75,000 jurisdictional requirement, exclusive

13   of interest and costs.  Thus, this Court has original jurisdiction over the claims

14   asserted by Plaintiff in this action based on 28 U.S.C. § 1441(b).

15   **IV.     THE NOTICE OF REMOVAL IS PROCEDURALLY CORRECT**

16          **A.**     Defendants timely file this Notice of Removal within thirty (30) days

17   of being served with the Summons and Complaint.  28 U.S.C. § 1446(b); *Parrino v.*

18   *FHP, Inc.*, 146 F.3d 699, 703 (9th Cir. 1998).

19          **B.**     Defendants attach to this Notice, all pleadings, process, orders, and all

20   other filings in the state court action that were served by Plaintiff upon Defendants

21   as required by 28 U.S.C. § 1446(a).

22          **C.**     Venue is proper in this District under 28 U.S.C. § 1441(a) because this

23   District and Division embrace the place in which the removed action has been

24   pending.   Further, venue is proper under 28 U.S.C. § 1391(b) because a substantial

25   part of the acts, events or omissions giving rise to the action occurred in the present

26   District.

27          **D.**     Defendants will promptly file a copy of this Notice of Removal with

28   the Clerk of the state court in which the action has been pending.  A true and

1    correct copy of the Notice of Filing of Notice of Removal to be filed is attached to

2    the declaration of Robert A. Orozco as Exhibit "3."

3    **V.    CONCLUSION**

4         WHEREFORE, Defendants request this Court remove the instant case from

5    the Superior Court of the State of California, County of Los Angeles, to the United

6    States District Court for the Central District of California.

7

8    Dated:  July 25, 2013                    Ford & Harrison LLP

9

10                                    By: _____
                                          Curtis A. Graham
11                                        Robert A. Orozco
                                          Jack Jimenez
12                                        Attorneys for Defendants
                                          SRG OPERATING, INC. and
13                                        KENNETH GOLDBLATT

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT 1**

 CT Corporation

**Service of Process
Transmittal**
06/28/2013
CT Log Number 523014229

TO:   J. Wickliffe Peterson
      Senior Resource Group, Inc.
      500 Stevens Avenue, Suite 100
      Solana Beach, CA 92075

RE:   **Process Served in Delaware**

FOR:  Senior Resource Group, LLC (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Suzan Neufeld, Pltf. vs. Senior Resource Group, LLC, etc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Cover Sheet, Cover Sheet Addendum, Notice(s), Instructions, Stipulations, Stipulation and Order, Order |
| **COURT/AGENCY:** | Los Angeles County - Superior Court, CA<br>Case # BC508737 |
| **NATURE OF ACTION:** | Employee Litigation - Wrongful Termination - On April 26, 2012 |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Trust Company, Wilmington, DE |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 06/28/2013 at 10:49 |
| **JURISDICTION SERVED :** | Delaware |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service - File Written Response // July 22, 2013 at 8:30 a.m. - Hearing // August 12, 2013 at 8:30 a.m. - Case Management Conference |
| **ATTORNEY(S) / SENDER(S):** | Darren M. Harris<br>Spray Gould & Bowers<br>2 Corporate Park, Suite 201<br>Irvine, CA 92606<br>949-387-4444 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  Fed Ex 2 Day , 796121460139 |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | The Corporation Trust Company<br>Melanie McGrath<br>1209 Orange Street<br>Wilmington, DE 19801<br>302-658-7581 |

Page 1 of  1 / RT

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



5194-062030132 2013062012:54 <No Field>  Page 2 of 30

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

| |
|---|
| **FOR COURT USE ONLY**<br>*(SOLO PARA USO DE LA CORTE)*<br><br>**CONFORMED COPY**<br>OF ORIGINAL FILED<br>Los Angeles Superior Court<br><br>MAY 13 2013<br><br>John A. Clarke, Executive Officer/Clerk<br>By Amber Hayes, Deputy |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Senior Resource Group, LLC a Delaware corporation doing business in California; Kenneth Goldblatt, an individual; and DOES 1 through 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Suzan Neufeld,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Stanley Mosk Courthouse<br>111 North Hill Street<br>Los Angeles, 90012 | CASE NUMBER:<br>*(Número del Caso):*  BC 508737 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Darren M. Harris, Esq., Bar No.: 190399          (949)387-4444
Spray Gould & Bowers
2 Corporate Park, Suite 201, Irvine, CA 92606

| | | | |
|---|---|---|---|
| DATE:<br>*(Fecha)* | **John A. Clarke** Clerk, by<br>*(Secretario)* | **Amber Hayes** | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

MAY 13 2013

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☑ on behalf of *(specify):* Senior Resource Group Inc LLC
   under: ☑ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **File By Fax**  **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov<br>American LegalNet, Inc. |

5194-062030132 2013052012:54 <No Field> Page 3 of 30

1 | DARREN M. HARRIS, ESQ., Bar No.: 190399

**SPRAY, GOULD & BOWERS LLP**

2 | 2 Corporate Park, Suite 201
Irvine, California 92606

3 | Telephone: (949) 387-4444

4 | Facsimile: (949) 387-4544

5 | Attorneys for Plaintiff SUZAN NEUFELD

**CONFORMED COPY**
OF ORIGINAL FILED
Los Angeles Superior Court

MAY 13 2013

John A. Clarke, Executive Officer/Clerk
By Amber Hayes, Deputy

6

7 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

8 | FOR THE COUNTY OF LOS ANGELES -- UNLIMITED

9

10

11 | SUZAN NEUFELD,

12

13 | Plaintiff,

14 | vs.

15

16 | SENIOR RESOURCE GROUP, LLC a

17 | Delaware corporation doing business in
California; KENNETH GOLDBLATT, an

18 | individual; and Does 1 through 50 inclusive,

19

20 | Defendants.

21

22

23

CASE NO.: BC508737

**COMPLAINT FOR DAMAGES FOR:**

1. **VIOLATION OF FAMILY MEDICAL LEAVE ACT -- INTERFERENCE, DISCRIMINATION AND RETALIATION (29 U.S.C §2601 et seq.);**
2. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY;**
3. **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; and**
4. **NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

*Demand for Jury Trial*

24 | Plaintiff SUZAN NEUFELD alleges as follows:

25

26 | <u>**IDENTIFICATION OF PARTIES**</u>

27 | 1. Plaintiff SUZAN NEUFELD, ("Plaintiff") is, and at all times mentioned herein

28 | was, a resident of the County of Los Angeles, State of California. 3 of 30

- 1 -

**COMPLAINT FOR DAMAGES**

File By Fax



5194-062030132 2013062012:54 <No Field>   Page 4 of 30

2.      Plaintiff is informed and believes, and based thereon alleges, that at all relevant times defendant SENIOR RESOURCE GROUP ("SRG") was and is a corporation, doing business within, and/or with its principal place of business in, Los Angeles County, California.  Plaintiff is informed and believes, and based thereon alleges, that at all relevant times KENNETH GOLDBLATT ("GOLDBLATT") was and is an individual acting as an Executive Director for and on behalf of Defendant SRG, conducting business within Los Angeles County, California.

3.      The true names and capacities of the Defendants named as Does 1 through 50, inclusive, are presently unknown to Plaintiff.  Plaintiff is informed and believes, and based thereon alleges, that each of the Doe Defendants was responsible for the events and damages alleged herein.

4.      Plaintiff is informed and believes, and based thereon alleges, that at all relevant times each of the defendants was the agent or employee of one or more of the remaining defendants, and in doing the acts herein alleged, was acting within the course and scope of such agency and employment.

### FACTS COMMON TO ALL CAUSES OF ACTION

5.      In or about July 2008, plaintiff commenced employment with defendant SRG.

6.      After commencing employment, and at all relevant times, plaintiff performed her job in an exemplary manner for SRG.

7.      In February 2012, Plaintiff physically collapsed at work in front of Defendant GOLDBLATT and others.  Immediately thereafter, Plaintiff's treating doctors diagnosed her with panic attacks, depression, anxiety, irritable bowel syndrome, and fibromyalgia.  Plaintiff informed defendants about this diagnosis.  On or about March 14, 2012, Plaintiff requested leave under the Family Medical Leave Act ("FMLA") and completed paperwork provided to her by Defendants.  This FMLA leave was to be retroactively applied, beginning on February 28, 2012 and extending therefrom.  Plaintiff was initially ordered by her doctors to be off from work beginning on February 27, 2012 through April 15, 2012.  Defendants were

- 2 -

**COMPLAINT FOR DAMAGES**

File By Fax

1   apprised of this order.

2       8.      Prior to April 15, 2012, Plaintiff informed Defendants that she could not return

3   to work by April 15, 2012 as she was still undergoing treatment and was still under doctor's

4   care. On April 18, 2012, Plaintiff was examined and treated by her treating doctor, Dr.

5   Claude Friedmann, M.D. On or about April 18, 2012, Plaintiff apprised Defendants of her

6   medical condition and further notified Defendants that she was still ordered to be on

7   medical leave. Plaintiff further apprised Defendants that she would be released back to

8   work in May 2012.

9       9.      On April 26, 2012, Defendants terminated Plaintiff's employment with SRG by

10  letter, stating "Because of job abandonment, we must terminate your employment."

11  Defendants terminated Plaintiff's employment without good cause.

12      10.     As of April 26, 2012, Defendants were aware of Plaintiff's ongoing medical

13  condition and they were further aware that Plaintiff was still on medical leave. Plaintiff had

14  been in frequent contact with Defendants to notify Defendants of her diagnosis and

15  prognosis as she was out on medical leave. Defendants knew that Plaintiff did not

16  "abandon" her job at any time.

17      11.     Plaintiff is informed and believes that Defendants assigned Plaintiff's duties to

18  other workers who did not suffer from these medical conditions. Defendants' actions

19  constitute illegal discrimination. Plaintiff is informed and believes, and thereon alleges, that

20  when defendants learned of plaintiff's medical condition and need for medical leave,

21  defendant surreptitiously resolved to replace plaintiff and terminate her employment, rather

22  than afford her the leave and other reasonable accommodations to which she was entitled

23  under the law.

24      12.     At the time of plaintiff's termination, Defendants lacked good cause to

25  terminate plaintiff's employment and terminated her due to her medical condition and taking

26  of medical leave. Defendants failed to offer and/or failed to provide any reasonable

27  accommodation to Plaintiff in light of her medical condition.

**COMPLAINT FOR DAMAGES**

File By Fax



5194-062030132 20130620112:54 <No Field>   Page 6 of 30

13.    Plaintiff has been unable, despite diligent efforts, to find comparable employment. As a consequence of Defendants' conduct, plaintiff has suffered and will suffer damages consisting of lost past and future earnings, in an amount to be proven at trial.

14.    As a consequence of Defendants' conduct, plaintiff has suffered and will suffer damages consisting of psychological and emotional distress, including severe stress, emotional trauma, humiliation and loss of self esteem, in an amount to be proven at trial.

15.    As a consequence of Defendants' conduct, plaintiff has been required to retain the legal services of counsel, and has incurred and continues to incur legal costs and fees in connection with this action in an amount currently unknown, to be proven at trial.

## FIRST CAUSE OF ACTION

### (Violation of Family Medical Leave Act – Interference, Discrimination and Retaliation for Taking Leave – Against All Defendants)

16.    Plaintiff realleges and incorporates herein by this reference the allegations contained in Paragraphs 1 through 15, inclusive, as though fully set forth.

17.    Plaintiff is informed and believes, and on that basis alleges, that SRG qualifies as an "employer" as that term is defined in the FMLA, 29 U.S.C. § 2611(4), and that Plaintiff is an "eligible employee" as that term is defined in the FMLA, 29 U.S.C. § 2611(2).

18.    Defendant GOLDBLATT is an individual management-level employee (Executive Director) for Defendant SRG and qualifies as an "employer" as that term is defined in the FMLA and is individually liable under the FMLA for violations.  Mercer v. Borden (CD Cal 1998) 11 F.Supp.2d 1190.

19.    Plaintiff is informed and believes, and on that basis alleges, that there was an "entitlement to leave" as defined in the FMLA, 29 U.S.C. § 2612(1), and that Plaintiff was denied her entitlement to leave as prescribed in FMLA.

6 of 30

- 4 -

COMPLAINT FOR DAMAGES

File By Fax



20.  Plaintiff is informed and believes, and on that basis alleges, that Plaintiff was entitled to restoration to her position as described in the FMLA, 29 U.S.C. § 2614(1), and that Plaintiff was denied restoration to the same or equivalent position as prescribed in FMLA.

21.  Plaintiff is informed and believes and on that basis alleges that Defendants are responsible under the FMLA, 29 U.S.C. § 2617(a).

22.  Plaintiff requested leave for a serious health condition in February 2012.  The FMLA ensures that these Defendants must provide Plaintiff up to 12 weeks of unpaid leave per year for her serious health condition. The FMLA makes it unlawful for the Defendants to interfere with the Plaintiff's FMLA rights, and they are not permitted to terminate Plaintiff for taking leave under the FMLA.

23.  Plaintiff was terminated from her employment on April 26, 2012 for taking medical leave for FMLA-qualifying conditions.  Even though plaintiff had over 4 weeks of FMLA leave remaining, defendants refused to provide her this leave and instead terminated her employment while she was out on medical leave.

24.  As a direct and proximate result of the foregoing conduct, plaintiff has suffered substantial damages in a sum presently unknown, to be proven at trial.

25.  Plaintiff is also entitled to an award of her costs incurred in the prosecution of this action, including reasonable attorneys' fees.

### SECOND CAUSE OF ACTION

**(Wrongful Termination in Violation of Public Policy**

**Against Defendant SRG only)**

26.  Plaintiff realleges and incorporates herein by this reference the allegations contained in Paragraphs 1 through 25, inclusive, as though fully set forth.

27.  Public policy of the State of California prohibits termination of employment on the basis of an employee's medical condition or disability.  The FEHA, set forth in California Government Code §12940(a), provides that "It shall be an unlawful employment practice,

- 5 -

COMPLAINT FOR DAMAGES

## File By Fax

5194-062030132 2013062012:54 <No Field> Page 8 of 30

...(a) For an employer, because of the ... physical disability, mental disability, medical condition, ... of any person, ... to bar or to discharge the person from employment ... or to discriminate against the person in compensation or in terms, conditions, or privileges of employment."

28.   Public policy of the State of California also prohibits termination of employment on the basis of an employee's leave of absence for a medical condition or disability.  See Government Code §12945.2 (CFRA); Nelson v. United Technol. (1999) 74 Cal.App.4th 597, 609; Ely v. Wal-Mart, Inc. (CD Cal 1995) 875 F. Supp. 1422, 1429; Rojo v. Kliger (1990) 52 Cal.3d. 65.

29.   Further, the public policy set forth by the FMLA makes it illegal for an employer to "interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided" by the Act. (29 U.S.C. § 2615(a)(1).  The FMLA prohibits the employer from using the "taking of FMLA leave as a negative factor in employment action, such as hiring, promotions or disciplinary actions. . . " (29 C.F.R. § 825.220(c).)

30.   Defendant's conduct, in discharging plaintiff on the basis of her medical condition and/or disability constitutes wrongful discharge in violation of Section 12940(a) above.

31.   Here, defendants pretextually terminated plaintiff on the basis of "job abandonment".  Defendants knew that this was a mere pretext and failed to contact her to inquire about her medical condition and/or offer any accommodation, including a more lengthy leave (with or without pay) or any modification of its policies.  (See Garcia –Ayala v. Lederle Parenterals, Inc. (2000) 212 F.3d 638 [employer fired employee on leave for cancer, citing its termination policy for leaves lasting more than a year – held that employer's failure to hold job open until employee could return was a failure to reasonably accommodate].)

32.   As a direct and proximate result of the aforementioned conduct of Defendants, plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to her general damage.  Plaintiff has been generally

- 6 -

**COMPLAINT FOR DAMAGES**

File By Fax

1  damaged in an amount that has not been ascertained by her.  Plaintiff fully expects to

2  prove the same upon the trial of this action and may amend this Complaint to state such

3  amount when it becomes known or upon proof at the time of trial.

4      33.  As a further, direct and proximate result of the aforementioned conduct of

5  Defendants, plaintiff has been and will continue to be injured in her present and future

6  employment, occupation, and income in an amount which has not yet been ascertained.

7  Plaintiff fully expects to prove the same upon the trial of this action and may amend this

8  Complaint to state such amount when it becomes known or upon proof at the time of trial.

9      34.  By reason of the facts which have been set forth herein, Defendant has acted

10  maliciously, despicably, oppressively, and fraudulently toward plaintiff and in willful and

11  conscious disregard of her rights.  Thus, plaintiff demands punitive and exemplary

12  damages from Defendant in a sufficient sum to be awarded by the trier of fact at the time of

13  trial herein.

14      35.  Plaintiff is also entitled to an award of her costs incurred in the prosecution of

15  this action, including reasonable attorneys' fees, pursuant to Cal. Govt. Code § 12965(b).

## THIRD CAUSE OF ACTION

### (Intentional Infliction of Emotional Distress Against All Defendants)

18      36.  Plaintiff realleges and incorporates herein by this reference the allegations

19  contained in Paragraphs 1 through 35, inclusive, as though fully set forth.

20      37.  At all times, Defendants' actions constituted a course of conduct which was

21  outrageous, intentional, malicious, and done with reckless disregard of the fact that

22  Defendants' conduct would certainly cause plaintiff to suffer severe emotional and mental

23  distress.

24      38.  The conduct of Defendants exceeded the normal risk of Plaintiff's employment.

25      39.  As a proximate result of Defendants' conduct, plaintiff suffered and continues to

26  suffer severe emotional distress.  Such conduct has been and continues to be extremely

27  detrimental to plaintiff's well-being, health, and interferes with plaintiff's reputation,

28  character, work performance and overall life activities, all to her damage in a sum

- 7 -

**COMPLAINT FOR DAMAGES**

File By Fax

5194-062030132 2013062012:54 <No Field> Page 10 of 30

according to proof.

40.   As a further proximate result of Defendants' conduct, plaintiff has suffered and continues to sustain a substantial loss in her earning potential and career development all to her damage all in a sum according to proof at time of trial.

41.   By reason of the facts which have been set forth herein, Defendants have acted maliciously, despicably, oppressively, and fraudulently toward plaintiff and in willful and conscious disregard of her rights.  That by reason of the foregoing, plaintiff demands punitive and exemplary damages from Defendants in a sufficient sum to be awarded by the trier of fact at the time of trial herein.

42.   Plaintiff is further entitled to pre-judgment interest at the rate of ten percent (10%) per annum and damages according to proof.

## FOURTH CAUSE OF ACTION

### (Negligent Infliction of Emotional Distress Against All Defendants)

43.   Plaintiff realleges and incorporates herein by this reference the allegations contained in Paragraphs 1 through 42, inclusive, as though fully set forth.

44.   Plaintiff's claim for emotional and psychological damage, arising out of her employment is not barred by the workers' compensation laws since the plaintiff's distress was engendered by her employer's illegal discriminatory practices.  (Watson v. Department of Rehabilitation, supra (1989) 212 Cal.App.3d 1271, at pp. 1285-1286; Rojo v. Kliger (1990) 52 Cal.3d 65, 74; Accardi v. Superior Court (1993) 17 Cal.App.4th 341, 352; Meninga v. Raley's, Inc. (1989) 216 Cal.App.3d 79, 90.

45.   By reason of the relationship between Defendants and plaintiff, Defendants had a duty of care not to discriminate, interfere with, deny, and/or extend her FMLA leave rights, retaliate against Plaintiff for exercising her FMLA leave rights, or take similar actions against plaintiff as described herein.

46.   Defendants, by the conduct alleged herein, negligently and carelessly breached their duties of care owed to plaintiff.

10 of 30

- 8 -

COMPLAINT FOR DAMAGES

## File By Fax

5194-062030132 2013062012:54 <No Field>   Page 11 of 30

47.     The conduct of Defendants exceeded the normal risks of plaintiff's employment.

48.     As a proximate result of Defendants' conduct, plaintiff suffered and continues to suffer severe emotional distress.  Such conduct has been and continues to be extremely detrimental to plaintiff's well-being, health, and interferes with plaintiff's reputation, character, work performance and overall life activities, all to her damage in a sum according to proof.

49.     As a further proximate result of Defendants' conduct, plaintiff has suffered and continues to sustain a substantial loss in her earning potential and career development all to her damage all in a sum according to proof at time of trial.

50.     Plaintiff is further entitled to pre-judgment interest at the rate of ten percent (10%) per annum and damages according to proof.

WHEREFORE, Plaintiff prays as follows:

a)      For general damages according to proof at time of trial;

b)      For special damages according to proof at time of trial;

c)      For costs of suit incurred herein;

d)      For pre-judgment interest at the rate of ten percent (10%) per annum;

e)      For reasonable attorneys' fees;

f)      For Defendants to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement, and seniority;

///
///
///
///

11 of 30

- 9 -

**COMPLAINT FOR DAMAGES**

File By Fax

CM-010

STR-062030192 2013062012:54 <No Field>   Page 13 of 30

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Darren M. Harris, Esq., Bar No.: 190399<br>Spray Gould & Bowers<br>2 Corpoate Park, Suite 201, Irvine, CA 92606 | **CONFORMED COPY**<br>OF ORIGINAL FILED<br>Los Angeles Superior Court |
| TELEPHONE NO.: (949)387-4444    FAX NO.: (949)387-4544 | MAY 13 2013 |
| ATTORNEY FOR (Name): Plaintiff Suzan Neufeld | |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles | John A. Clarke, Executive Officer/Clerk |
| STREET ADDRESS: 111 North Hill Street | By Amber Hayes, Deputy |
| MAILING ADDRESS: 111 North Hill Street | |
| CITY AND ZIP CODE: Los Angeles, 90012 | |
| BRANCH NAME: Stanley Mosk Courthouse | |

CASE NAME:
Neufeld v. Senior Resource Group, LLC, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: BC508737 |
|---|---|---|---|
| [X] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: (General & Limited Civil) |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [X] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (not specified above) (43)

2. This case [ ] is [X] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [X] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [X] punitive
4. Number of causes of action (specify): 4
5. This case [ ] is [X] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: May 6, 2013

Darren M. Harris
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

13 of 30

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

**File By Fax**

 

5194-052030132  2013062012:54  <No Field>   Page 14 of 30

| SHORT TITLE: Neufeld v. Senior Resource Group, LLC, et al. | CASE NUMBER: BC508737 |
|---|---|

### CIVIL CASE COVER SHEET ADDENDUM AND
### STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

Item I.  Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES    CLASS ACTION? ☐ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 5  ☐ HOURS/ ☑ DAYS

Item II. Indicate the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column A, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column B below which best describes the nature of this case.

**Step 3:** In Column C, circle the reason for the court location choice that applies to the type of action you have checked.  For any exception to the court location, see Local Rule 2.0.

> ### Applicable Reasons for Choosing Courthouse Location (see Column C below)

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondant functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV.  Sign the declaration.

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/ Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death    14 of 30 | 1., 4. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

### CIVIL CASE COVER SHEET ADDENDUM
### AND STATEMENT OF LOCATION

Local Rule 2.0
Page 1 of 4

**File By Fax**

 

5194-062030132 2013052012:54 <No Field>   Page 15 of 30

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Neufeld v. Senior Resource Group, LLC, et al. | |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☒ A6024  Other Employment Complaint Case | 1., ②, 3. |
| | | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation        Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032  Quiet Title | 2., 6. |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

15 of 30

 

5194-052030132 2013062012:54 <No Field> Page 16 of 30

| SHORT TITLE: Neufeld v. Senior Resource Group, LLC, et al. | CASE NUMBER |
|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | | ☐ A6160  Abstract of Judgment | 2., 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2., 7. |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100  Other Civil Petition | 2., 9. |

16 of 30

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

File By Fax

Local Rule 2.0
Page 3 of 4

5194-062030132  2013062012:54 <No Field>   Page 17 of 30

| SHORT TITLE: Neufeld v. Senior Resource Group, LLC, et al. | CASE NUMBER: |
|---|---|

**Item III.** *Statement of Location:* Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>☐1. ☒2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS: 5450 Vesper Avenue |
|---|---|
| CITY: Sherman Oaks | STATE: CA | ZIP CODE: 91411 |

**Item IV.** *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the ___Stanley Mosk___ courthouse in the ___Central___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: __May 6, 2013__

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet, Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).
5. Payment in full of the filing fee, unless fees have been waived.
6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

17 of 30

| LACIV 109 (Rev. 03/11) | **CIVIL CASE COVER SHEET ADDENDUM** | Local Rule 2.0 |
|---|---|---|
| LASC Approved 03-04 | **AND STATEMENT OF LOCATION** | Page 4 of 4 |

**File By Fax**

NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE (NON-CLASS ACTION)

Case Number

5194-062039132 2013062012:54 <No Field>   Page 18 of 30

B C 5 0 8 7 3 7

THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 3.3(c)). There is additional information on the reverse side of this form.

| ASSIGNED JUDGE | DEPT | ROOM | ASSIGNED JUDGE | DEPT | ROOM | | |
|---|---|---|---|---|---|---|---|
| Hon. Daniel Buckley | 1 | 534 | Hon. Michael Johnson | 56 | 514 | | |
| Hon. Barbara A. Meiers | 12 | 636 | Hon. Ralph W. Dau | 57 | 517 | | |
| Hon. Terry A. Green | 14 | 300 | Hon. Rolf M. Treu | 58 | 516 | | |
| Hon. Richard Fruin | 15 | 307 | Hon. Michael L. Stern | 62 | 600 | | |
| Hon. Rita Miller | 16 | 309 | Hon. Mark Mooney | 68 | 617 | | |
| Hon. Richard E. Rico | 17 | 309 | Hon. William F. Fahey | 69 | 621 | | |
| Hon. Kevin C. Brazile | 20 | 310 | Hon. Soussan G. Bruguera | 71 | 729 | | |
| Hon. Robert L. Hess | 24 | 314 | Hon. Ruth Ann Kwan | 72 | 731 | | |
| Hon. Mary Ann Murphy | 25 | 317 | Hon. Teresa Sanchez-Gordon | 74 | 735 | | |
| Hon. Yvette M. Palazuelos | 28 | 318 | | | | | |
| Hon. Barbara Scheper | 30 | 400 | | | | | |
| Hon. Mary H. Strobel | 32 | 406 | Hon. Emilie H. Elias | 324 | CCW | | |
| Hon. Maureen Duffy-Lewis | 38 | 412 | Hon. Elihu M. Berle* | 323 | CCW | | |
| Hon. Michelle R. Rosenblatt | 40 | 414 | OTHER | | | | |
| Hon. Ronald M. Sohigian | 41 | 417 | | | | | |
| Hon. Holly E. Kendig | 42 | 416 | | | | | |
| Hon. Mel Red Recana | 45 | 529 | | | | | |
| Hon. Debre Katz Weintraub | 47 | 507 | | | | | |
| Hon. Elizabeth Allen White | 48 | 506 | | | | | |
| Hon. Deirdre Hill | 49 | 509 | | | | | |
| Hon. John L. Segal | 50 | 508 | | | | | |
| Hon. Abraham Khan | 51 | 511 | | | | | |
| Hon. Susan Bryant-Deason | 52 | 510 | | | | | |
| Hon. Steven J. Kleifield | 53 | 513 | | | | | |
| Hon. Ernest M. Hiroshige | 54 | 512 | | | | | |
| Hon. Malcolm H. Mackey | 55 | 515 | | | | | |

*Complex

All cases designated as complex (other than class actions) are initially assigned to Judge Elihu M. Berle in Department 323 of the Central Civil West Courthouse (600 S. Commonwealth Ave., Los Angeles 90005). This assignment is for the purpose of assessing whether or not the case is complex within the meaning of California Rules of Court, rule 3.400. Depending on the outcome of that assessment, the case may be reassigned to one of the judges of the Complex Litigation Program or reassigned randomly to a court in the Central District.

18 of 30

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____   JOHN A. CLARKE, Executive Officer/Clerk

LACIV CCH 190 (Rev. 01/12)   **NOTICE OF CASE ASSIGNMENT –**   Page 1 of 2
LASC Approved 05-06   UNLIMITED CIVIL CASE
For Optional Use   **File By Fax**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the Chapter Three Rules, as applicable in the Central District, are summarized for your assistance.

### APPLICATION

The Chapter Three Rules were effective January 1, 1994. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES

The Chapter Three Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS

Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE

The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts. These matters may be heard and resolved at this conference. At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

### SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party or if appropriate on counsel for the party.

**This is not a complete delineation of the Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is absolutely imperative.**

19 of 30

LACIV CCH 190 (Rev. 01/12)
LASC Approved 05-06
For Optional Use

NOTICE OF CASE ASSIGNMENT –

UNLIMITED CIVIL CASE

Page 2 of 2

File By Fax

5194-062030132 2013062012:54 <No Field>   Page 20 of 30

# VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California County of Los Angeles**



**Los Angeles County Bar Association Litigation Section**

**Los Angeles County Bar Association Labor and Employment Law Section**



**Consumer Attorneys Association of Los Angeles**



**Southern California Defense Counsel**



**Association of Business Trial Lawyers**



**California Employment Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

20 of 30

◆**California Employment Lawyers Association**◆

## File By Fax

5194-062030132  2013062012:54 <No Field>  Page 21 of 30

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.: FAX NO. (Optional): E-MAIL ADDRESS (Optional): ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.

The parties agree that:

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

**File By Fax**

| SHORT TITLE: | STP4-002030132-2013002012:21-...fo Fields-     Page 22 of 30 | CASE NUMBER: |
|---|---|---|

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h.  Computation of damages, including documents not privileged or protected from disclosure, on which such computation is based;

i.  Whether the case is suitable for the Expedited Jury Trial procedures (see information at **www.lasuperiorcourt.org** under "Civil" and then under "General Information").

2.  The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
    (INSERT DATE)                              (INSERT DATE)
    complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation.

3.  The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:  _____

_____          ➤  _____
(TYPE OR PRINT NAME)                               (ATTORNEY FOR PLAINTIFF)

Date:  _____

_____          ➤  _____
(TYPE OR PRINT NAME)                               (ATTORNEY FOR DEFENDANT)

Date:  _____

_____          ➤  _____
(TYPE OR PRINT NAME)                               (ATTORNEY FOR DEFENDANT)

Date:  _____

_____          ➤  _____
(TYPE OR PRINT NAME)                               (ATTORNEY FOR DEFENDANT)

Date:  _____

_____          ➤  _____
(TYPE OR PRINT NAME)                               (ATTORNEY FOR _____)

Date:  _____

_____          ➤  _____
(TYPE OR PRINT NAME)                               (ATTORNEY FOR _____)

Date:  _____

_____          ➤  _____
(TYPE OR PRINT NAME)                                                   22 of 30
                                                   (ATTORNEY FOR _____)

LACIV 229 (new)
LASC Approved 04/11          **STIPULATION – EARLY ORGANIZATIONAL MEETING**          Page 2 of 2

File By Fax

 

5194-062030132 2013062012:54 <No Field>   Page 23 of 30

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | | STATE BAR NUMBER | | Reserved for Clerk's File Stamp |
|---|---|---|---|---|
| TELEPHONE NO.: | FAX NO. (Optional): | | | |
| E-MAIL ADDRESS (Optional): | | | | |
| ATTORNEY FOR (Name): | | | | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION -- DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

23 of 30

---

LACIV 036 (new)
LASC Approved 04/11          **STIPULATION -- DISCOVERY RESOLUTION**          Page 1 of 3

File By Fax

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

iii.    Be filed within two (2) court days of receipt of the Request; and

iv.    Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied.  If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying ex parte for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

24 of 30

| SHORT TITLE: | CASE NUMBER |
|---|---|
| | |

## The following parties stipulate:

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR _____)

➤ _____
(ATTORNEY FOR _____)

➤ _____
(ATTORNEY FOR _____)

25 of 30

LACIV 036 (new)
LASC Approved 04/11

**STIPULATION – DISCOVERY RESOLUTION**

Page 3 of 3

File By Fax



| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:  FAX NO. (Optional): <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | | |

### SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least ____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

26 of 30

| SHORT TITLE: | CASE NUMBER: |
|---|---|

**The following parties stipulate:**

Date:

_____        ►  _____
(TYPE OR PRINT NAME)                            (ATTORNEY FOR PLAINTIFF)

Date:

_____        ►  _____
(TYPE OR PRINT NAME)                            (ATTORNEY FOR DEFENDANT)

Date:

_____        ►  _____
(TYPE OR PRINT NAME)                            (ATTORNEY FOR DEFENDANT)

Date:

_____        ►  _____
(TYPE OR PRINT NAME)                            (ATTORNEY FOR DEFENDANT)

Date:

_____        ►  (ATTORNEY FOR _____ )
(TYPE OR PRINT NAME)

Date:

_____        ►  (ATTORNEY FOR _____ )
(TYPE OR PRINT NAME)

Date:

_____        ►  (ATTORNEY FOR _____ )
(TYPE OR PRINT NAME)

**THE COURT SO ORDERS.**

Date:   _____

_____
JUDICIAL OFFICER

27 of 30

5194-062030132  2013062012:54  <No Field>  Page 28 of 30

NOTICE SENT TO:

Spray, Gould & Bowers, LLP
2 Corporate Park _ Suite 201
Irvine            CA  92606

ORIGINAL FILED
FILE STAMP
MAY 1 6 2013
LOS ANGELES
SUPERIOR COURT

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | CASE NUMBER |
|---|---|
| SUZAN NEUFELD                     Plaintiff(s),<br><br>VS.<br><br>SENIOR RESOURCE GROUP LLC ET AL                     Defendant(s). | BC508737<br><br>**ORDER TO SHOW CAUSE HEARING** |

To the party/attorney of record:_

You are ordered to appear for an Order to Show Cause Hearing on _July 22, 2013_ at _8:30 am_ in Dept. _62_ of this court, Central District, 111 North Hill Street, Los Angeles, California 90012, and show cause why sanctions should not be imposed for:

**Failure to file Proof of Service of [ ] Petition [X] Summons and [X] Complaint [ ] Cross-Complaint pursuant to California Rules of Court, rule 3.110(b) and (e) as to:** _

Failure to comply or appear may result in sanctions, pursuant to one or more of the following: California Rules of Court, rule 2.30, and rule 3.1340; Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.310, 583.360, 583.410, 583.420, 583.430; and Government Code section 68608.

[X] To avoid a mandatory appearance all required documents must be filed in [ ] this Dept [X] Clerk's Office, Room _102_ at least 5 court days prior to the date of the hearing.

[ ] The Court may infer from your failure to appear that possession of the premises is no longer at issue, and that your case is not entitled to preference in setting pursuant to Code of Civil Procedure section 1179a.

[X] You are ordered to give notice of said hearing forthwith to any party served with summons and complaint prior to OSC Hearing and file a Proof of Service in this department or Clerk's Office at least 5 court days prior to the date of the hearing.

Dated: _May 16, 2013_

**MICHAEL L. STERN**
Judicial Officer

### CERTIFICATE OF MAILING

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Order to Show Cause Hearing upon each party or counsel named above by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown above with the postage thereon fully prepaid.

Date: _May 16, 2013_

John A. Clarke, EXECUTIVE OFFICER/CLERK
**ELLNOR LASKEY**
By_____, Deputy Clerk

ORDER TO SHOW CAUSE HEARING

LACIV 166-1 (Rev. 09/08)
LASC Approved 06-04

LASC Local Rules, Chapter 7
Cal. Rules of Court, rule 2.30
28 of 30

## File By Fax

NOTICE SENT TO:

Spray, Gould & Bowers, LLP
2 Corporate Park _ Suite 201
Irvine            CA  92606

5194-062030132 2013062012:54 <No Field>   Page 29 of 30

ORIGINAL FILED

MAY 16 2013

LOS ANGELES
SUPERIOR COURT

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | |
|---|---|
| SUZAN NEUFELD | **CASE NUMBER** |
|                    Plaintiff(s), | BC508737 |
| VS. | |
| SENIOR RESOURCE GROUP LLC ET AL | **NOTICE OF CASE** |
|                    Defendant(s). | **MANAGEMENT CONFERENCE** |

**TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:**

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled for  August 12, 2013  at  8:30 am  in  Dept. 62  at 111 North Hill Street, Los Angeles, California  90012.

**NOTICE TO DEFENDANT:**     **THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.**

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least **15 calendar days** prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, section 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions pursuant to LASC Local Rule 7.13, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code Section 68608 (b), and California Rules of Court 2.2 et seq.

Date:  May 16, 2013 

MICHAEL L. STERN
Judicial Officer

## CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named above:

[X] by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed herein in a separate sealed envelope to each address as shown above with postage thereon fully prepaid.

[ ] by personally giving the party notice upon filing the complaint.

Date:  May 16, 2013 

John A. Clarke, Executive Officer/Clerk

by   ELLNOR LASKEY  , Deputy Clerk

LACIV 132 (Rev. 09/07)
LASC Approved 10-03

Cal. Rules of Court, rule 3.720-3.730
LASC Local Rules, Chapter Seven

# File By Fax

## PROOF OF SERVICE

I, Elsa Lanz, declare:

I am a citizen of the United States and employed in Los Angeles County, California.  I am over the age of eighteen years and not a party to the within-entitled action.  My business address is 350 South Grand Avenue, Suite 2300, Los Angeles, California 90071. On **July 25, 2013**, I served a copy of the within document(s):

**DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. §§ 1331, 1441 AND 1446**

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.  I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on the same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ by placing the document(s) listed above in a sealed Overnite Express envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to an Overnite agent for delivery.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by electronically delivered through CM/ECF the document(s) listed above to the person(s) email address(es) set forth with CM/ECF

Attorneys for Plaintiffs:
Darren M. Harris, Esq.
SPRAY, GOULD &
BOWERS LLP
2 Corporate Park, Suite 201
Irvine, CA 92606
Tel: (949) 387-4444
Fax: (949) 387-4555

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on **July 25, 2013**, at Los Angeles, California.

_____
Elsa Lanz

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge John F. Walter and the assigned discovery Magistrate Judge is Patrick J. Walsh.

The case number on all documents filed with the Court should read as follows:

## CV13- 5365 JFW (PJWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[ ] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[ ] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth, Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)        NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

| I. (a) PLAINTIFFS ( Check box if you are representing yourself ☐ ) | DEFENDANTS ( Check box if you are representing yourself ☐ ) |
|---|---|
| Suzan Neufeld | SRG Operating, Inc. |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) |
|---|---|
| | Ford & Harrison LLP<br>Robert A. Orozco, Bar No. 201532<br>350 S. Grand Ave., Ste. 2300<br>Los Angeles, CA 90071<br>(213) 237-2400 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

- ☐ 1. U.S. Government Plaintiff
- ☐ 3. Federal Question (U.S. Government Not a Party)
- ☐ 2. U.S. Government Defendant
- ☒ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

- ☐ 1. Original Proceeding
- ☒ 2. Removed from State Court
- ☐ 3. Remanded from Appellate Court
- ☐ 4. Reinstated or Reopened
- ☐ 5. Transferred from Another District (Specify)
- ☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No    ☐ **MONEY DEMANDED IN COMPLAINT: $** ___ Not cited

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 USC 1331, 1441, @ 1446; 29 USC 2601, 2611, 2612 & 2617

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 220 Foreclosure | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accomodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☒ 751 Family and Medical Leave Act | |
| | | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:** Case Number: CV13-05365

---

AFTER COMPLETING PAGE 1 OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED ON PAGE 2.

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a).  IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?   [X] NO   [ ] YES

If yes, list case number(s): _____

**VIII(b).  RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?   [X] NO   [ ] YES

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   [ ]   A. Arise from the same or closely related transactions, happenings, or events; or

[ ]   B. Call for determination of the same or substantially related or similar questions of law and fact; or

[ ]   C. For other reasons would entail substantial duplication of labor if heard by different judges; or

[ ]   D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

[ ] Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District: * | California County outside of this District;  State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

[ ] Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District: * | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| San Diego | |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**NOTE: In land condemnation cases, use the location of the tract of land involved.**

| County in this District: * | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** *(signature)*        DATE: July 25, 2013
Robert A. Orozco

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended.  Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability.  (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |